UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00586-MOC-DSC

| | | |
|---|---|---|
| **DIANNE B. BOYTER,** | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BRIAN T. MOYNIHAN, et al.,** | ) | |
| | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on plaintiff's Motion for Reassignment of Case and to Vacate and Set Aside Orders of the United States Magistrate Judge. Plaintiff, who is proceeding pro se, is under a mistaken belief that the United States Magistrate Judge to whom this case has been assigned for pretrial management is somehow unlawfully exercising Article III jurisdiction. Plaintiff is also under the mistaken belief that her consent is required for the magistrate judge to preside over pretrial proceedings and seeks "[t]o set aside all prior decisions in the instant case for lack of jurisdiction." Motion at 3.

The authority of a magistrate judge to preside over pretrial proceedings does not derive from the consent of the parties, but has instead been conferred by Congress in 28 U.S.C. § 636(b)(1)(A), which provides in relevant part, as follows:

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

1

28 U.S.C. §636(b)(1)(A). Magistrate judges are also authorized and this court has designated them to enter recommended decisions on dispositive issues:

> a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . .

28 U.S.C. § 636(b)(2). Plaintiff will note well that the four Orders entered thus far by Judge Cayer are in conformity with the requirements of §636(b).

Plaintiff has apparently confused the §636(b) jurisdiction being exercised herein with §636(c) jurisdiction of magistrate judges, which provides for complete jurisdiction over a case by a magistrate judge with consent of all parties. Having considered plaintiff's motion and reviewed the pleadings, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Reassignment of Case and to Vacate and Set Aside Orders of the United States Magistrate Judge (#21) is **DENIED**.

Signed: February 13, 2013

Max O. Cogburn Jr.
United States District Judge